UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVES RAMSEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL,<br><br>　　　　　Defendant. | Case No. 20-cv-05956-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Docket Nos. 27, 36 |

## I.　INTRODUCTION

Plaintiff Yves Ramsey brought this action for judicial review of the Social Security Administration's termination of her disability benefits. Docket No. 1. Plaintiff moved for summary judgment, arguing that the Administrative Law Judge ("ALJ") erred in (1) rejecting the opinions of Plaintiff's treating and examining clinicians, (2) rejecting Plaintiff's subjective symptom complaints; (3) finding that Plaintiff had medically improved; (4) determining Plaintiff's Residual Functional Capacity; and (5) relying on incomplete vocational expert testimony. Docket No. 27. The government did not oppose Plaintiff's motion for summary judgment, concedes each of Plaintiff's previously mentioned arguments, and agrees that Plaintiff is entitled to summary judgment. Docket No. 37 at 3-4. The only issue remaining for the Court to adjudicate is the remedy to which Plaintiff is entitled: whether this case should be remanded to the agency for further proceedings, or remanded for an award of benefits. Docket No. 38.

For the following reasons, the Court **GRANTS** Plaintiff's motion for summary judgment and remands for an award of benefits.

## II. BACKGROUND

### A. Factual Background

The Court adopts the Statement of Facts contained in Plaintiff's motion for summary judgment, as the government does not dispute any portion of it. Docket No. 27 at 6-11.

### B. Procedural Background

Plaintiff filed for Title XIV Supplemental Security Income in February 2009. Docket No. 21 ("Administrative Record" or "AR") at 76. In a Comparison Point Decision ("CPD") dated February 28, 2009, Plaintiff was found disabled by ALJ decision, due to limitations arising from her Affective Mood Disorder and Learning Disorder. AR 27. Plaintiff then underwent a Continuing Disability Review; the Social Security Administration determined that her disability had ceased as of May 16, 2016 due to medical improvement. AR 92. Plaintiff appealed the decision in June 2016 and a hearing officer upheld the proposed termination in May 2017. AR 96, 116. Plaintiff appealed the reconsideration decision, and a hearing was held before ALJ Hernandez on April 24, 2018. AR 153. ALJ Hernandez issued a decision terminating Plaintiff's benefit on September 14, 2018. AR 23. On October 19, 2019, Plaintiff requested Appeals Council review, which was denied on June 25, 2020. AR 1. Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g) and 1383(c)(3) on August 24, 2020. Docket No. 1.

After multiple delays, the government filed the administrative record with the Court and answered Plaintiff's complaint on March 29, 2021. Docket Nos. 20, 21. Plaintiff moved for summary judgment, arguing that the ALJ's decision was not supported by substantial evidence and requesting a remand and award of benefits, on May 26, 2021. Docket No. 27. The Court granted the government four extensions of time to respond to Plaintiff's motion for summary judgment. *See* Docket Nos. 29, 31, 33, 35. The Court reminded the government of its responsibility to timely comply with filing deadlines, Docket No. 33, and, after granting the government's fourth request for extension, cautioned the government that no further extensions would be granted, Docket No. 35.

The government failed to meet its final filing deadline, failed to comply with the Court's

1  instruction, and never filed a response to Plaintiff's motion for summary judgment. Thus, on
2  November 23, 2021—more than three-and-half years after ALJ Hernandez issued a decision
3  terminating Plaintiff's benefits, and fifteen months after Plaintiff filed this lawsuit—Plaintiff
4  moved for default judgment. Docket No. 36. The government finally responded, conceding that
5  Plaintiff is entitled to summary judgment and agreeing with Plaintiff that the ALJ erred by (1)
6  rejecting the opinions of Plaintiff's treating and examining clinicians, (2) rejecting Plaintiff's
7  subjective symptom complaints; (3) finding that Plaintiff had medically improved; (4) determining
8  Plaintiff's Residual Functional Capacity; and (5) relying on incomplete vocational expert
9  testimony. Docket No. 37 at 3-4. The government requested that the Court grant Plaintiff's
10 motion for summary judgment rather than entering default judgment. *Id.* at 2. The government
11 further requested that the Court remand the case to the Social Security Agency for further
12 proceedings, rather than remand for an award of benefit. *Id.* at 5. Plaintiff does not oppose the
13 government's request for the Court to grant summary judgment rather than to enter default
14 judgment, but maintains her position that the remedy to which she is entitled is remand for an
15 award of benefit. Docket No. 38.
16  The Court addresses the remedy appropriate for its grant of summary judgment to Plaintiff.

### III. ANALYSIS

A.  Applicable Law Re Remedy in Social Security Cases

Usually, "[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.1981). The Social Security Act, however, makes clear that courts are empowered to affirm, modify, or reverse a decision by the Commissioner "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "Accordingly, every Court of Appeals has recognized that in appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (collecting cases). "Courts have generally exercised this power when it is clear from the record that a claimant is entitled to benefits, observing on occasion that inequitable conduct on the part of the Commissioner can strengthen, though not control, the case

for such a remand." *Id.*

Unless "the record as a whole creates serious doubt that a claimant is, in fact, disabled," remand for an award of benefits is required where "(1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ failed to provide legally sufficient reasons for rejecting medical opinion evidence or claimant testimony; and (3) the ALJ would be required to find the claimant disabled if the improperly discredited evidence were credited as true." *Id.* at 1020-1021; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). Applying these criteria to remand for an award of benefits "preserves efficiency and fairness in a process that can sometimes take years before benefits are awarded to needy claimants." *Id.* at 1021.

B.  Remand for an Award of Benefits if Appropriate Here

Here, the government concedes that the ALJ committed errors warranting remand entitling Plaintiff to summary judgment, Docket No. 37, and the government concedes specific errors that satisfy the three criteria requiring remand for an award of benefits.

The government concedes that the agency's findings "do not appear to evince medical improvement such that Plaintiff could work by May 2016." Docket No. 37 at 4. The government further concedes that, "Plaintiff's IQ remained similar as did the findings from her consultative examinations in 2009 and the current period." *Id.* The government acknowledges that the ALJ failed to appropriately address the findings of Plaintiff's treating providers, and "relied too heavily on the opinion of a one-time consultative examiner" and "non-examining opinions." *Id.* The government continued that it "agrees with Plaintiff that the ALJ did not provide valid reasons, supported by the evidence for finding Plaintiff's subjective account of her limitations was not entitled to more weight." *Id.* And the government agrees that, "given these deficiencies," the ALJ's residual functional capacity finding and reliance on vocational expert testimony were made in error and without sufficient reasoning. *Id.*

In conceding *all* of Plaintiff's arguments as to the errors in the ALJ's reasoning and decision and pointing to no evidence in the record that creates *any* doubt – let alone "serious doubt"— as to Plaintiff's status as disabled, the government effectively concedes that the second

4

1   two criteria for awarding a benefit are met: "the ALJ has failed to provide legally sufficient
2   reasons for rejecting evidence," and that "if the improperly discredited evidence were credited as
3   true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at
4   1021.

5         Thus, the only remaining question is as to the first criteria: has the record "been fully
6   developed and further administrative proceedings would serve no useful purpose[?]" *Id.* The
7   government asserts, "This record has not been fully developed," Docket No. 37 at 5, but provides
8   no explanation about what is missing from the record, what doubts as to Plaintiff's disability
9   remain in light of the government's concessions, or what would be gained from further
10  administrative proceedings. Thus, the Court finds the first criteria satisfied, as well.

11        Finally, the government fails to account for its own inequitable conduct, unnecessarily
12  delaying resolution of this case for *years* when, in the end, the government *concedes* that the ALJ
13  erred on at least five grounds and that Plaintiff is entitled to summary judgment. In light of the
14  government's concessions of the ALJ's errors, the government could have agreed to settle this
15  case at any time and spared Plaintiff the hardship and consequence of unnecessary delay. The
16  government did not do so. Instead, Plaintiff has now waited *for nearly four years* for a correction
17  to the ALJ's errant termination of her benefits. The government's inequitable conduct further
18  strengthens Plaintiff's case for an award of benefits. *Garrison*, 759 F.3d at 1019.

19        Thus, the Court finds that the appropriate remedy is remand to the agency for calculation
20  and award of benefits.

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

## IV. CONCLUSION

The Court **GRANTS** Plaintiff's motion for summary judgment and remands this case to the agency for calculation and award of benefits. Docket No. 27. The Court **DENIES as moot** Plaintiff's motion for default judgment. Docket No. 36.

This order disposes of Docket Nos. 27 and 36. The Clerk is directed to enter Judgment for Plaintiff and to close this case.

**IT IS SO ORDERED**.

Dated: January 4, 2022

_____
EDWARD M. CHEN
United States District Judge